# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SUSAN FITZGERALD,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0831-14-0684-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: April 2, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susan FitzGerald</u>, Hortense, Georgia, pro se.

<u>Virginia Clay</u>, Esquire, Glynco, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's decision denying her request for secondary Customs and Border Protection Officer (CBPO) retirement credit for her service in various Instructor positions at the Federal Law Enforcement Training Center (FLETC).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant has asked the Board to review the agency's decision to deny her request for secondary CBPO retirement credit under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 1. She served as an Immigration Inspector (GS-1816 series) from August 2, 1987, through July 2, 1988, in the Immigration and Naturalization Service, Department of Justice, and as a Customs Inspector (GS-1890 series) with the Customs Service, Department of the Treasury, from July 3, 1988, through May 6, 2000. IAF, Tab 3, Subtab D at 19, 40-43, 48-50. Since May 7, 2000, she has served in various Law Enforcement Specialist (Instructor) positions (GS-1801 series) at FLETC. *Id.* at 1-19. The appellant requested coverage for any benefits to which she might be entitled under the Consolidated Appropriations Act of 2008. *Id.*, Subtab C; *see* Consolidated Appropriations Act of 2008, Pub. L. No. 110-161, § 535(b)(1)(C), 121 Stat. 1844, 2076 (2007) (codified at 5 U.S.C. § 8401(36)) (hereinafter "Consolidated Appropriations Act"). C.C., Executive Director, Human Resources Operations, Programs, and Policy Division, responded to the

appellant's request, stating that the agency was unable to grant it. IAF, Tab 3, Subtab B. C.C. explained that the agency denied her claims for CBPO-related service performed before July 6, 2008, as well as any related request to retroactively adjust her retirement contributions. *Id.* After the appellant received the agency decision, she sent an email message to D.C., Director of Positions Management and Classifications, Office of Human Resources Management, asserting that the agency had failed to address her request for coverage for service from July 6, 2008, forward. *Id.*, Subtab I. C.C. reiterated the agency's denial of the appellant's request and advised her that she had Board appeal rights. *Id.*, Subtab J. The appellant filed this appeal, IAF, Tab 1, and after a hearing, the administrative judge issued an initial decision affirming the agency's decision, IAF, Tab 14, Initial Decision (ID). On review, the appellant generally asserts that the appeal was wrongly decided. Petition for Review (PFR) File, Tab 1.

¶3 Federal civil service retirement laws extend enhanced benefits to persons, such as law enforcement officers and firefighters, who have served in physically rigorous positions. Section 535 of the Consolidated Appropriations Act extends these benefits to CBPOs. Because enhanced benefits are more costly and may result in the untimely retirement of valuable employees, the eligibility rules governing coverage for the benefits are strictly construed. *See Kroll v. Department of Homeland Security*, 121 M.S.P.R. 526, ¶ 6 (2014). An employee seeking enhanced retirement benefits bears the burden of proving her entitlement thereto by preponderant evidence. *Id.* (citing *Olszak v. Department of Homeland Security*, 117 M.S.P.R. 75, ¶ 5 (2011), *aff'd*, 475 F. App'x 757 (Fed. Cir. 2012)).

¶4 Under the eligibility rules, primary covered positions are those in the GS-1895 job series or in any predecessor positions "whose duties include activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry, including any such employee who is transferred directly to a supervisory or administrative position in the Department of Homeland Security." 5 U.S.C. § 8401(36); *see* 5 C.F.R. § 842.1002.

¶5 Employees who transfer from primary covered positions to supervisory or administrative positions in the same occupations are also eligible for enhanced retirement coverage. Such supervisory and administrative positions are deemed covered secondary positions. *Fritts v. Department of Homeland Security*, 102 M.S.P.R. 265, ¶ 6 (2006) (citing *Morgan v. Office of Personnel Management*, 773 F.2d 282, 283 (Fed. Cir. 1985)). Under the regulations promulgated by the Office of Personnel Management (OPM) covering FERS, a secondary covered position is a position within the Department of Homeland Security that is either:

> (1) Supervisory; i.e., a position whose primary duties are as a first-level supervisor of customs and border protection officers in primary positions; or

> (2) Administrative; i.e., an executive, managerial, technical, semiprofessional, or professional position for which experience in a primary customs and border protection officer position is a prerequisite.

5 C.F.R. § 842.1002. In order to qualify for credit for service in a primary covered position after transferring into a secondary covered position, the employee's service in the secondary covered position must meet the following criteria:

> (1) The employee, while covered under the provisions of 5 U.S.C. 8412(d) as a customs and border protection officer, is transferred directly (i.e., without a break in service exceeding 3 days) from a primary position to a secondary position; and

> (2) The employee has completed 3 years of service in a primary position, including service for which no FERS deductions were withheld; and

> (3) If applicable, the employee has been continuously employed in secondary positions since transferring from a primary position without a break in service exceeding 3 days, except that a break in employment in secondary positions which begins with an involuntary separation (not for cause), within the meaning of 8414(b)(1)(A), is not considered in determining whether the service in secondary positions is continuous for this purpose.

5 C.F.R. § 842.1003(b).

¶6        The amendments to the federal retirement statutes enacted under the Consolidated Appropriations Act took effect on July 6, 2008.  § 535(e)(1). Regarding CBPO service performed *before* the effective date, the Act provides:

> (i) GENERAL RULE.—Except as provided in clause (ii), nothing in this section or any amendment made by this section shall be considered to apply with respect to any service performed as a customs and border protection officer before the effective date under paragraph (1).
>
> (ii) EXCEPTION.—Service described in section 8331(31) or 8401(36) of title 5, United States Code (as amended by this section) rendered before the effective date under paragraph (1) may be taken into account to determine if an individual who is serving on or after such effective date then qualifies as a customs and border protection officer by virtue of holding a supervisory or administrative position in the Department of Homeland Security.

§ 535(e)(2)(B).  If an individual was serving as a CBPO on July 6, 2008, pursuant to an appointment made before that date, his FERS annuity for service performed on or after that date must be at least equal to the amount that would be payable by applying 5 U.S.C. § 8415(d).[2]  § 535(e)(2)(C).

¶7        For periods of service before September 1, 2007, OPM's regulations define a primary covered position as:

> (i) A position whose duties included the performance of work directly connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry that was classified within the Immigration Inspector Series (GS-1816), Customs Inspector Series (GS-1890), Canine Enforcement Officer Series (GS-1801), or any other series which the agency head determines were predecessor series to the Customs and Border Protection Series (GS-1895), and that would have been classified under the GS-1895 series had it then existed; and
>
> (ii) A position within the Customs and Border Protection Series (GS-1895) whose duties included the performance of work directly

---

[2] Section 8415(d) governs annuity computation for employees retiring under the enhanced retirement provisions of FERS.

connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry.

5 C.F.R. § 842.1003(c)(1).  The regulations define a secondary position as:

(i) A first-level supervisor of an employee in a position described at paragraph (c)(1)(i) or (c)(1)(ii) of this section; or

(ii) A[n] executive, managerial, technical, semiprofessional, or professional position for which experience in a position described at paragraph (c)(1)(i) or (c)(1)(ii) of this section is a mandatory prerequisite.

5 C.F.R. § 842.1003(c)(2).

¶8    Based on the rules set forth above, the administrative judge found that the appellant's service as an Immigration Inspector in the GS-1816 series from August 2, 1987, through July 2, 1988, and as a Customs Inspector in the GS-1890 series, from July 3, 1988, through May 6, 2000, would comprise the requisite 3 years of service in a primary covered position that she would have needed to accrue prior to transfer to a secondary covered position.  ID at 6; *see* IAF, Tab 3, Subtab D at 19; *see also* 5 C.F.R. § 842.1003(b)(2).  She transferred to the instructor position in May 2000 without a break in service.  *See* IAF, Tab 3, Subtab D at 19; *see also* 5 C.F.R. § 842.1003(b)(1).

¶9    The preponderance of the evidence, however, does not establish that the appellant's May 2000 transfer was to a position that met the definition of a secondary covered position set forth in 5 C.F.R. § 842.1003(c)(2).  The appellant was not a first-level supervisor pursuant to the definition.  *See* 5 C.F.R. § 842.1003(c)(2)(i).  As the administrative judge noted, *see* ID at 6-7, the record is unclear regarding which position description in the record applied to the position to which she transferred.[3]  The two position descriptions in the record are

---

[3] The appellant asserted that the position fell under position description # 13544, IAF, Tab 4 at 4; *see id.*, Subtab 1, whereas the agency stated that position description # 13742 was instead applicable, IAF, Tab 3 at 6; *see id.*, Subtab F.  Entries in the Standard Form 50s documenting her May 2000 transfer from the Customs Service to FLETC, and her subsequent reassignment to a different position there in December 2001, identify the position description as # 13742.  IAF, Tab 3, Subtab D

not identical, though both descriptions required the incumbent to possess *general* law enforcement experience. *See* IAF, Tab 3, Subtab F at 3-6, Tab 4, Subtab 1 at 1c-1f. Neither description required law enforcement experience specific to positions "that would have been classified under the GS-1895 series had it then existed," or CBPO positions in that series "whose duties included the performance of work directly connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry." IAF, Tab 3, Subtab F at 3-6, Tab 4, Subtab 1 at 1c-1f ; *see* 5 C.F.R. § 842.1003(c)(1). Position description #13544 states only that the incumbent "must have acquired a thorough knowledge of criminal laws and Federal rules and/or regulations, which apply to cases involving crimes against the United States," and that "[e]xperience in a primary Federal law enforcement position [was] a prerequisite for this position." IAF, Tab 4, Subtab 1 at 1c-1d. Although the appellant clearly acquired relevant knowledge and experience during her prior service, she could have acquired that knowledge and experience in a federal law enforcement position that was not "directly connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry." *See* 5 C.F.R. § 842.1003(c)(1). Thus, the position to which she was transferred in May 2000, did not meet the definition of a secondary administrative CBPO position. *See* 5 C.F.R. § 842.1003(c)(2).

¶10 Accordingly, the appellant has failed to establish that she transferred directly from a primary covered CBPO position to a secondary covered CBPO position in May 2000, and that she has been continuously employed in secondary

at 19. The agency stated in its prehearing submission that it did not dispute that position description # 13544 may be the correct one. IAF, Tab 7 at 2 n.1. Even if, as the appellant claims, the agency's statement is a stipulation that the administrative judge failed to honor, *see* PFR File, Tab 1 at 4; *see also* ID at 6-7, neither position description supports the appellant's argument. Any adjudicatory error here is harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

covered positions without a break in service exceeding 3 days.  *See* 5 C.F.R. § 842.1003(b)(3).  Even if the instructor positions to which the agency later assigned her met the definition of a secondary covered CBPO position, she is not entitled to CBPO coverage for her service in these positions, including service that she performed on or after July 6, 2008.

¶11      On review, the appellant reiterates her contention that OPM's regulations are inconsistent with the changes to the statute under the Consolidated Appropriations Act and, further, that the instructor positions at FLETC were designated as secondary covered positions after the Department of Homeland Security absorbed the law enforcement functions of several agencies.  *See* PFR File, Tab 1 at 2-5; *see also* IAF, Tab 4, Subtab 2 at 2a, Subtab 3 at 3c.  She argues that OPM's interpretation of the phrase "supervisory or administrative position in the Department of Homeland Security" in section 535(b)(1)(C) of the Consolidated Appropriations Act, as set forth in 5 C.F.R. § 842.1002, is too restrictive.  PFR File, Tab 1 at 2-4; *see* § 535(b)(1)(C) (codified at 5 U.S.C. § 8401(36)).  She asserts that a more inclusive interpretation would allow her and similarly-situated colleagues secondary coverage for service after July 6, 2008.  PFR File, Tab 1 at 2-4.  OPM's interpretation of statutory language, however, is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843 (1984) (when Congress has not directly addressed the precise question at issue in an adjudicatory proceeding, an administrative interpretation of a statutory provision by the agency charged with implementing the statute may be entitled to deference).  Accordingly, for the reasons set forth above, we conclude that the appellant failed to establish by a preponderance of the evidence that she is entitled to coverage under the enhanced retirement provisions applicable to CBPOs.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.